UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Evony Joseph,

        Plaintiff

v.

Burlington Coat Factory Warehouse Corporation, et al.,

        Defendants

Case No. 2:23-cv-00147-CDS-VCF

**Order Granting Defendant's Motion to Compel Arbitration, and Dismissing the Case Without Prejudice**

[ECF No. 5]

      Plaintiff Evony Joseph filed this employment action against her former employer, Burlington Coat Factory Warehouse Corporation, and her former manager, Alexis Prince, alleging causes of action that violated Title VII of the Civil Rights Act of 1964: (1) discrimination based on race; (2) discrimination based on sex; and (3) retaliation. *See generally* Compl., ECF No. 1-2. Burlington notified Joseph's counsel that the claims were subject to an arbitration agreement and requested that she agree to arbitrate pursuant to that agreement, but plaintiff did not respond. Mot. Compel, ECF Nos. 5-12 at 3, 5-15 at 2. As a result, Burlington filed a motion to compel arbitration seeking to enforce the arbitration provision both parties agreed to be bound by during Joseph's employment onboarding process. *See generally* ECF No. 5.

      Burlington asserts that it created a dispute resolution program called "Steps To Effective Problem Solving (STEPS)." *Id.* at 4. The program includes a binding arbitration provision which applies to any present or future employment claims that an employee might bring against Burlington or Burlington might bring against an employee. *Id.* The onboarding documents Joseph signed included the STEPS program materials and an agreement to be bound by the arbitration provisions. *Id.* at 4–5. Burlington states that employees are enrolled in the STEPS program as a condition of their employment, but all employees have the choice to opt-out of

arbitration. *Id.* at 5. Burlington states that Joseph chose not to opt-out. *Id.* Since Joseph did not exercise her right to opt-out, the arbitration provision "applies to any dispute arising out of or related to [her] employment with or termination from the Company. . ." *Id.* at 6.

The deadline to respond to Burlington's motion was February 10, 2023. *See* ECF No. 5; *see also* LR 7-2(b) (for motions other than summary judgment, the deadline to file and serve any points and authorities in response to the motion is 14 days after service of the motion). As of the date of this order, plaintiff has not responded to Burlington's motion.

I.  Discussion

The standard for demonstrating arbitrability is not high and enforcement of arbitration agreements are rigorously enforced. *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999). The FAA "establishes a federal policy favoring arbitration, requiring that [courts] rigorously enforce agreements to arbitrate," *Shearson/Am. Exp. Inc. v. McMahon*, 482 U.S. 220, 226 (1987), and provides that if a "contract contains an arbitration clause, there is a presumption of arbitrability." *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1284 (9th Cir. 2009) (quoting *AT&T Techs, Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986)) (internal quotation marks omitted). "By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Chiron Corp. v. Ortho Diagnostic Sys.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (internal quotation marks and citation omitted).

While public policy favors disposition of cases on their merits, the local rules of this district state that "[t]he failure of an opposing party to file points and authorities in response to any motion...constitutes a consent to the granting of the motion." LR 7-2(d). Even without an opposition, the Federal Arbitration Act (FAA), which governs the enforceability of arbitration agreements in contracts, provides that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Supreme Court has held that the "fundamental principle" of

arbitration is application of contract rules. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (citing *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 67 (2010)).

Here, Joseph electronically acknowledged receipt of the arbitration agreement and by her signature "agree[d] to be bound by the arbitration provisions of Burlington Stores, Inc.'s Early Dispute Resolution Program Rules & Procedures unless [she] opt[ed]-out." ECF No. 5-10 at 2. The agreement Joseph received provided examples of covered claims, which included, "without limitation [claims of] discrimination or harassment and claims arising under [ ] Title VII of the Civil Rights Act of 1964[.]" ECF No. 5-9 at 5. As Joseph's complaint sets forth claims of unlawful workplace discrimination and retaliation, based on the plain text of the agreement, I determine that these claims are encompassed by the arbitration provision.

## II.     Conclusion

Although Joseph has not filed a response to defendant's motion, I find that the agreement is binding, and that Joseph's claims are arbitrable and, therefore, *must* be submitted to arbitration. So I grant Burlington's motion to compel arbitration and dismiss this case.

IT IS THEREFORE ORDERED that defendant Burlington Coat Factory Warehouse Corporation's motion to compel arbitration [ECF No. 5] is **GRANTED**.

IT IS FURTHER ORDERED that the parties shall promptly submit this matter to binding arbitration in accordance with the Burlington Stores, Inc.'s Early Dispute Resolution Program (ECF No. 5-9) and that this matter shall henceforth proceed by arbitration.

IT IS FURTHER ORDERED that this case is dismissed without prejudice.

The Clerk of Court is instructed to close this case.

DATED: March 2, 2023

_____
Cristina D. Silva
United States District Judge

3